# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-1296V

|  |  |
|---|---|
| RONDA CALDWELL, *as administrator and legal representative of* ESTATE OF DONNA CALDWELL,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: August 20, 2025 |

*Jonathan Joseph Svitak*, Shannon Law Group, P.C., Woodridge, IL, for Petitioner.

*Ryan Pohlman Miller*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON JOINT STIPULATION[1]

  On September 14, 2022, Donna J. Caldwell ("Ms. Caldwell") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). After Ms. Caldwell's passing, Ronda Caldwell ("Petitioner") was substituted as Petitioner in this matter, as the administrator and legal representative of the estate of Ms. Caldwell. ECF Nos. 31, 36-37. On October 4, 2021, Ms. Caldwell received an influenza ("flu") vaccine, a vaccine contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a). Petitioner alleges that Ms. Caldwell sustained a shoulder injury related to vaccine administration ("SIRVA") as defined in the Table; she further alleges that the flu vaccine caused Ms. Caldwell's alleged shoulder injury, and that Ms. Caldwell suffered the residual effects of her alleged injury for more than six months.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Respondent denies that Ms. Caldwell sustained a SIRVA Table injury; denies that the vaccine caused Ms. Caldwell's alleged shoulder injury, or any other injury; and denies that her current condition and/or death were sequelae of a vaccine-related injury.

Nevertheless, on August 19, 2025, the parties filed the attached joint stipulation, stating that a decision should be entered awarding compensation. I find the stipulation reasonable and adopt it as my decision awarding damages, on the terms set forth therein.

Pursuant to the terms stated in the attached Stipulation, **I award** the following compensation:

**A lump sum of $20,000.00 to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner, as legal representative of the Estate of Donna Caldwell.** Stipulation ¶ 8. This amount represents compensation for all items of damages that would be available under Section 15(a). *Id*.

I approve the requested amount for Petitioner's compensation. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| RONDA CALDWELL, As Administrator and Legal Representative of the Estate of Donna Caldwell, Deceased,<br><br>                    Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                    Respondent. | No. 22-1296V (SPU)<br>Chief Special Master Corcoran<br>ECF |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Donna Caldwell filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to Ms. Caldwell's receipt of the influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a). On November 11, 2024, petitioner's counsel filed a status report stating that Ms. Caldwell had passed away; her death certificate confirms her death, on July 26, 2024, due to causes unrelated to vaccination. ECF 31, ECF 36 (Pet. Ex. 8 (death certificate)). On June 20, 2025, Ronda Caldwell ("petitioner"), as administrator and legal representative of the estate of Donna Caldwell ("decedent"), was substituted as petitioner in this matter.

2. Decedent received the vaccine on or about October 4, 2021.

3. The vaccine was administered within the United States.

4. Petitioner alleges that decedent suffered a left Shoulder Injury Related to Vaccine Administration ("SIRVA") within the time period set forth in the Table. She further alleges that decedent experienced the residual effects of this condition for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages arising out of the alleged vaccine injury.

6. Respondent denies that decedent suffered a Table SIRVA injury; denies that any vaccine caused decedent's alleged shoulder injury, or any other injury; and denies that decedent's subsequent condition and/or death were sequelae of a vaccine-related injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of **$20,000.00**, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, as legal representative of the Estate of Donna Caldwell. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in any proceeding upon this petition.

- 3 -

10. Petitioner and petitioner's attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis, and represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g).

11. Payment made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. Petitioner represents that petitioner presently is, or within 90 days of the date of judgment will become, duly authorized to serve as the legal representative of decedent's estate under the laws of the State of Ohio. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing petitioner's appointment as legal representative of decedent's estate. If petitioner is not authorized by a court of competent jurisdiction to serve as legal representative of decedent's estate at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as legal representative of decedent's estate upon submission of written documentation of such appointment to the Secretary.

13. In return for the payments described in paragraphs 8 and 9, petitioner, in petitioner's individual capacity and as administrator and legal representative of the estate of decedent, on petitioner's own behalf, and on behalf of decedent's heirs, executors, administrators, successors

or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the United States Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, vaccination as alleged by petitioner in a petition for vaccine compensation filed on or about September 14, 2022, as amended on July 31, 2023, in the United States Court of Federal Claims as petition No. 22-1296V.

14. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the United States Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

- 5 -

16.  This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that any vaccine caused decedent's alleged injury or any other injury or decedent's death, or that decedent suffered an injury contained in the Vaccine Injury Table.

17.  All rights and obligations of petitioner hereunder, as administrator and legal representative of decedent's estate, shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

Respectfully submitted,

PETITIONER:

*Ronda S Caldwell*
_____
RONDA CALDWELL

<table>
<tr><td>

ATTORNEY OF RECORD FOR
PETITIONER:

_____
JONATHAN J. SVITAK
Shannon Law Group, PC
6825 Hobson Valley Drive
Suite 101
Woodridge, IL 60517
(312) 578-9501
jsvitak@shannonlawgroup.com

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

Jeffrey S. Beach -S
Digitally signed by Jeffrey S. Beach -S
Date: 2025.07.22 13:21:48 -04'00'   for
_____
CAPT GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
  Compensation Programs
Health Systems Bureau
Health Resources and Services
  Administration
U.S. Department of Health
  and Human Services
5600 Fishers Lane, 08W-25A
Rockville, MD 20857

</td><td>

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

_____
HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

ATTORNEY OF RECORD FOR
RESPONDENT:

_____
RYAN P. MILLER
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 305-3027
ryan.miller2@usdoj.gov

</td></tr>
</table>

Dated: __8/7/25__