# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 22-1296V

RONDA CALDWELL, as administrator
and legal representative of ESTATE
OF DONNA CALDWELL,

          Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

          Respondent.

Chief Special Master Corcoran

Filed: January 28, 2026

*Jonathan Joseph Svitak, Shannon Law Group, P.C., Woodridge, IL, for Petitioner.*

*Ryan Pohlman Miller, U.S. Department of Justice, Washington, DC, for Respondent.*

## <u>DECISION ON ATTORNEY'S FEES AND COSTS</u>[1]

On September 14, 2022, Petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that Ms. Caldwell sustained a shoulder injury related to vaccine administration. Petition, ECF No. 1. On August 20, 2025, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 48.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $27,687.32 (representing $25,294.30 in fees plus $2,393.02 in costs). Application for Fees and Costs ("Motion") filed August 27, 2025, ECF No. 52. Furthermore, counsel for Petitioner represents that Petitioner incurred no personal out-of-pocket expenses. *Id*. at 3.

Respondent reacted to the motion on September 4, 2025, reporting that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case and deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, ECF No. 53. Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with Petitioner's request. The rates requested by attorney Jonathan Svitak and his supporting paralegals are reasonable and consistent with our prior determinations and shall be awarded. Petitioner has also requested the hourly rate of $562.00 for 2025 work performed by attorney Yvette Salcik and the rate of $212.00 for paralegal level work. Ms. Salcik stated that she was admitted to the Illinois Bar in 1991 and is admitted to this Court as of March 2025. Based on my experience applying the factors[3] relevant to determining proper hourly rates for Program attorneys, I find the requested rate to be reasonable and shall be awarded. And all time billed to the matter was reasonably incurred.

Furthermore, Petitioner has provided supporting documentation for all claimed costs. ECF No. 52-4. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$27,687.32 (representing $25,294.30 in fees plus $2,393.02 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[4]

---

[3] *See McCulloch v. Sec'y of Health and Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master